# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAMES G. PICKARTS,

    Plaintiff,

v.                                                                      CASE NO: 8:08-cv-2229-T-26TGW

THE COCA COLA COMPANY,

    Defendant.
_____/

## O R D E R

Before the Court is Defendant's Motion for Summary Judgment, Statement of Disputed Facts, various depositions and exhibits (Dkt. 22), and Plaintiff's Memorandum in Opposition, Statement of Disputed Facts, various depositions and declarations. (Dkts. 29-41). After careful consideration of the motion and the submissions of the parties, the Court concludes the motion should be denied.

## APPLICABLE STANDARD

This is an action brought by Plaintiff, an employee of the Defendant, The Coca Cola Company, seeking recovery under the Family and Medical Leave Act, as amended, 20 U.S.C. § 2601, *et seq*. (FMLA) for interference, as noted by the Plaintiff. (Dkt. 41). For an interference claim, the plaintiff "need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied." Strickland v. Water Works & Sewer

Bd., 239 F.3d 1199, 1207 (11th Cir. 2001). All reasonable inferences from the salient facts must be drawn in the light most favorable to the nonmoving party, Plaintiff, for purposes of deciding the Defendant's motion for summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Jackson v. BellSouth Telecomms., 372 F.3d 1250, 12880 (11th Cir. 2004). The Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); Morrison v. Amway Corp., 323 F.3d 920, 924 (11th Cir. 2003).

## BACKGROUND

Plaintiff, a supervisory employee who worked twelve-hour shifts on different days, was terminated on September 2, 2008, for "sleeping on the job" several times during the time period of "June 29 through July 5, 2008." Prior to June 29, 2008, Plaintiff was diagnosed with Obstructive Sleep Apnea (OSA) by Dr. Ackerman. Plaintiff saw Dr. Ackerman several times beginning in January 2008, continuing until his termination in September 2008. Plaintiff was being treated by use of a continuous positive airway pressure (CPAP) machine beginning in February 2008, and in early August 2008, Dr. Ackerman prescribed Provigil to prevent him from falling asleep during waking hours. Plaintiff gave Dr. Ackerman's contact information to his supervisor at work. Defendant approved his use of Provigil at work on August 11, 2008. Dr. Ackerman was never contacted by Defendant. Plaintiff never specifically asked to take FMLA leave.

**ANALYSIS**

Taking Plaintiff's version of the facts as true, his OSA constituted a serious health condition for which he was terminated. The short periods of time his condition induced sleeping would be considered unforeseeable, intermittent leave for which he was denied FMLA leave. Based on the following analysis, the Court finds that genuine issues of material fact exist regarding whether notice of an FMLA-qualifying reason for leave was sufficiently given and whether Defendant terminated Plaintiff for intermittent leave in contravention of the FMLA.

*Serious Health Condition*

Defendant admits that the diagnosis of OSA can be a serious health condition under the FMLA.[1] Defendant takes issue with the fact that no physician ever recommended that Plaintiff take a FMLA leave for his OSA, citing Barker v. R.T.G. Furniture Corp., 2009 WL 1767562 (M.D. Fla. Jun. 22, 2009) (appeal pending). Drawing all reasonable inferences in favor of Plaintiff, however, Plaintiff did not know in advance that he needed to take FMLA leave and therefore there was no need to ask in advance. Based on Plaintiff's unforeseeable need for intermittent leave, he placed the employer on notice of a potentially qualifying FMLA event when he revealed his problem shortly after the occurrence. See Collins v. United States Playing Card Co., 466 F.Supp.2d 954, 964

---

[1] A "chronic serious health condition is one which: . . . [m]ay cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.)." 29 C.F.R. § 825.800 (3)(iii).

(S.D. Ohio 2006) (holding that employee's failure to request leave before taking short breaks to correct blood sugar did not deny him FMLA protection); Hayduk v. City of Johnstown, 580 F.Supp.2d 429, 456, 468 (W.D. Pa. 2008) (holding that no "magic words" are necessary to advise employer of need for FMLA leave and employee must advise employer of reasons for absence within one to two business days upon his return). A reasonable juror could find that Plaintiff's request that Defendant recognize that sleep apnea was the cause of his sleeping at work was sufficient to fulfill the FMLA requirements.

*Intermittent Leave*

The FMLA permits an employee to take intermittent leave "in separate blocks of time due to a single qualifying reason." 29 U.S.C. § 2612(b); 29 C.F.R. §825.202(a). Intermittent leave may be "taken in separate periods of time due to a single illness or injury, rather than for one continuous period of time, and may include leave of periods from an hour or more to several weeks." 29 C.F.R. § 825.800. Leave under the FMLA may be unforeseeable. 29 C.F.R. § 825.303(a);[2] Stewart v. Trumbull Laboratories, LLC, 2009 WL 1045466 (W.D. Tenn. Apr. 17, 2009).

---

[2] Section 825.303(a) contemplates that FMLA leave is unforeseeable: "When the approximate timing of the need for leave is not foreseeable, an employee must provide notice to the employer as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. § 825.303(a).

Much like the diabetic employee becomes weak, nauseated, and faint if his or her blood sugar "bottoms out" from lack of food throughout the day,[3] a person with OSA begins to doze off involuntarily at different intervals during the day due to lack of sleep. Independent research has not revealed a case directly on point— one in which an employee was terminated for "sleeping on the job" at various intervals over the course of several days. Grubbs v. S.W. Airlines, 296 Fed.Appx. 383, 391 (5th Cir. 2008), is distinguishable. There, a flight instructor suffering from sleep apnea had received numerous warnings for over eighteen months about his falling asleep on the job, as well as his absences from work, had provided his employer with only a conclusory note after the employer had asked for medical information, and continued to fall asleep after taking a three and a-half week leave. Here, the Plaintiff had provided some medical information to Defendant, and Defendant did not contact Dr. Ackerman as Plaintiff urged. Plaintiff arguably never knew that he needed to take time off from work, nor is he required to under the FMLA.

*Notice*

Exactly when Defendant was notified of Plaintiff's health condition is contested. Although Defendant admits that it knew of Plaintiff's OSA on July 30, 2008, Plaintiff's version of the facts support a much earlier date for notice of a potentially FMLA-

---

[3] See Collins v. United States Playing Card Co., 466 F.Supp.2d 954, 961 (S.D. Ohio 2006); Sabbrese v. Lowe's Home Centers, Inc., 320 F.Supp.2d 311, 314 (W.D. Pa. 2004).

qualifying circumstance, one in January of 2008. For purposes of this summary judgment, the earlier date of January 2008 should be used to determine the time of notice given to Defendant. Nevertheless, even if this Court considers July 30, 2008, as the first notice given to Defendant, the result is the same. Where the need for leave is unforeseeable, notice need only be sufficient enough to make the employer aware that the absence is due to a potentially FMLA-qualifying reason. See Snelling v. Stark Props., Inc., 2006 WL 2078562, at *7-8 (M.D. Ga. Jul. 24, 2006). Thus, a genuine issue of material fact exists as to whether sufficient notice was given regarding a potentially FMLA-qualifying event.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (Dkt. 22) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on January 8, 2010.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record